## BROWN BROS. & CO. *vs.* JOE. FOREST.

An erroneous ruling or instruction, if without prejudice, is not sufficient cause for reversing a judgment.

All instructions to the jury, given by the judge, at the trial, should be before the appellate court, in order to determine whether particular instructions complained of were erroneous.

The bill of exceptions alone affords this court information, of what evidence was before the jury, and what instructions were given the jury.

Error occurring during the trial, cannot be taken advantage of unless excepted to at the time.

Unless evidence be offered to support a fact put in issue by the pleadings no occasion arises for instructing the jury respecting the same.

Error to First Judicial District.

Opinion by DARWIN, Associate Justice.

Every plaintiff in error brings up for trial the *decision* of the Court below, and assumes the burden of showing that it was erroneous. In his precipe he is required to state the charges he makes against it. The precipe herein is not very clear in its assignment, but we shall consider it as charging error in the

giving of the instruction which is set out in the bill of exceptions. On the rectitude of that instruction we are under no obligation to decide; because the plaintiff in error has not shown that he was prejudiced thereby, even if it were wrong. All the instructions given in a case are to be taken together, for one may so modify another that what seems wrong, if taken alone may, considered with the rest, constitute the correct law of the case; so that he who would have the law of his case reviewed must bring here all of it, or need bring none. This plaintiff in error has not done this, and so we cannot say whether the rulings in his case were law or not. His bill of exceptions produces some law that was given, but does not state that such was *all* that was was given; even if that produced was incorrect, we would not therefore contravene the presumption which goes in favor of the rectitude of the decision below, but would rather presume, in the absence of a showing to the contrary, that further instructions were given which corrected that stated in the bill.

The clerk of the Court below has certified up some papers irregularly, purporting to be instructions, which are marked on the margin "given;" but they do not come to us properly authenticated. The clerk can not certify what law was given or refused. When the judge has, by a bill of exceptions duly signed, created a record of his giving or refusing of instructions, then the clerk can certify up that record as he can any other in the cause. The papers referred to come with no such sanction, and cannot be considered. He who would overcome the presumption in favor of or who would even be fair to the Court below, and would also show that he suffers prejudice by its rulings to the jury, must afford us record assurance that he has produced here *all* such rulings, or he cannot be heard.

There is another reason why we will not disturb the decision below. The plaintiff in error has not shown us by his record that he made an objection to the ruling brought up by his bill during the time within which he had the right to do so. Sections 208, 227, and 228 of the Civil Practice Act, which confines the time of making objection, in one case to the very time

when a ruling is made, and in the other to a time prior to the return of the jury, are intended to prevent speculations in verdicts; and they require that the objecting party shall resist, and call the attention of the court to what he claims is error, so that, more advisedly considering if it be corrigible, the court may correct it without prejudice to the other party. If he neglects this duty, he justly forfeits his right to object to that ruling afterwards. Indeed, section 18, on page 14 of the laws of the 12th session, and now of force, makes it a condition precedent to our considering any "error or mistake," that the same was "excepted to at the time." Excepted is here used in the sense of objected, and a party having objected or excepted to the ruling, may obtain his bill, which is the evidence thereof, at any time thereafter during the term. Now the plaintiff in error has not shown us affirmatively, as he should by his bill, that he protested to the court its error at the time it was committed, and his dates presume against him. Therefore, not having done his duty, we cannot regard him as entitled to a review of that instruction.

Again contemplating the case of the plaintiff in error from his environment of facts, we find additional reason against his right to a review of the law stated in his bill, even if such bill presented all the law. This Court will not reverse a case merely because of an erroneous ruling; but only because of an erroneous ruling which works prejudice. The plaintiff should not only show that the ruling was wrong, but that it wrought him mischief; and then we could recognize his right to have the same corrected. It is said in argument that the plaintiffs in error had an interest in the matter supervised by the instruction questioned; that they were creditors or purchasers of the mules in the dispute, and that the main question for the jury was their right to them. But this does not appear from the record. The bill of exceptions entirely fails to show that Brown Bro's. & Co., plaintiffs in error, made any show of claim to the mules—what kind of claim—what facts based it where the transaction creating such claim occurred. It don't state that they were purchasers of the mules, nor creditors of the vendor of them. It don't state that they were, nor furnish any evidence

tending to show that they were, claimants against anybody. The bill contains no statement, nor fact, nor item of testimony showing that plaintiffs in error had any concern whatever in having the doctrine of the instruction laid down either one way or the other.

There is also, however, a mass of testimony in the transcript which, by internal pretention, purports to have been taken in this case; but neither its having been taken, nor its being discovered among the papers below, nor its being certified up here, provides any legal assurance that it had a right to be or was used upon the trial, and so we cannot consider it for any purpose.

But it is suggested that the pleadings show that such right of theirs was an issue. True, they do make such right one of the issues; but unless there was also some evidence corresponding to that issue, there could arise no occasion for, and no right to an instruction thereupon. There may be no allegations in pleadings without correspondent testimony on trial. Instructions are pertinent and demandable of right or not, as they fit and are correlated to evidence; and we must know at least the tendencies of evidence before we can determine the appositeness of the rulings, and we must see that a party had a right to an instruction before we can find that he was wronged by its refusal or error. The pleadings suggest what the evidence might be, but furnish no assurance of what it was. If they provided the proper record, assurance of what the testimony was, or tended to, there would be no need of a bill.

As the bill was devised and is used for the very purpose of recording what issues of fact actually arose, we must presume that this one states all of them, and states them fully, and as it fails to show that any facts were submitted to the jury in which the plaintiffs in error had any concern, we will not presume that they could have been injured, nor will we recognize their right to have the decision reversed.

Therefore, the judgment below is affirmed.