[No. 15025. Department One. July 7, 1919.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES J. CALLAGHAN, *Appellant*.[1]

INDICTMENT AND INFORMATION (74)—DUPLICITY—WAYS OR MEANS OF COMMITTING OFFENSE—LARCENY BY FALSE PRETENSES. An indictment for aiding and abetting in obtaining $130 by false pretenses is not duplicitous in that it shows that the money was obtained by forging and presenting to the county thirteen false or invalid claims for ten dollars each, the averment as to the obtaining of money being single.

APPEAL (263)—RECORD—STATEMENT OF FACTS. In the absence of statement of facts or bill of exceptions, the supreme court cannot pass upon any question as to the instructions.

Appeal from a judgment of the superior court for King county, Frater, J., entered May 18, 1918, upon a trial and conviction of grand larceny. Affirmed.

*William R. Bell,* for appellant.

*Alfred H. Lundin* and *Frank P. Helsell,* for respondent.

MAIN, J. — By indictment, Lester Gandolfo and James J. Callaghan were charged with the crime of grand larceny, the former as principal and the latter as aider and abettor. The cause went to trial against Callaghan alone, and resulted in a verdict of guilty.

[1]Reported in 182 Pac. 594.

From the judgment entered after verdict, he appeals.

No statement of facts or bill of exceptions has been brought to this court, and, therefore, the only question which can now be considered relates to the indictment. This was demurred to on the ground, among others, that it charged more than one crime. The only question to be determined is whether the indictment was duplicitous.

The indictment is too long to be here set out in full, but the facts therein stated may be summarized as follows: James J. Callaghan, the appellant, was commissioner of public welfare of King county, Washington, and was the authorized representative of the county for the disbursement of its funds for the relief of poor and indigent residents.

On the 27th day of August, 1917, Gandolfo represented to the board of commissioners of King county that Gandolfo & Company, a corporation, had furnished groceries and supplies of the value of $10 to each of thirteen different persons, giving the name and street address of each. At the same time, he presented to the board of commissioners a claim against King county in the sum of $130. This claim consisted of thirteen false and fraudulent written orders, signed by J. J. Callaghan, the appellant, each for the sum of $10, and purporting to be signed by the persons named therein. The board of county commissioners, believing the false pretenses and representations made by Gandolfo and relying thereon, allowed the claim and authorized its payment. The county auditor delivered to Gandolfo a warrant against the county in the sum of $130, payable to Gandolfo & Company. Gandolfo presented this warrant to the proper officer of King county and received thereon the sum of $130 in lawful money.

The pretenses and representations made by Gan-

dolfo were false and untrue. No groceries or supplies had been delivered to any of the persons named. The orders were wholly false and fraudulent. The signatures of all the parties upon the back of the orders, purporting to acknowledge receipt of the supplies mentioned therein, were forged.

The appellant, as commissioner of public welfare for King county, had aided and abetted Gandolfo in obtaining the money, in the manner specified. The appellant had signed and delivered the orders to Gandolfo, knowing and intending that the orders were to be presented as a claim to King county by Gandolfo & Company, by Lester Gandolfo, without any groceries or supplies of any kind having been delivered to the persons named in the orders, and knowing that the signatures of the persons named therein would be forged upon the orders and that the forged orders would be presented as a claim and paid by the county. All the acts done were with the intent to deprive and defraud the county of the sum of $130.

The appellant claims that the indictment charges thirteen separate and distinct offenses and is, therefore, bad for duplicity. The respondent claims that but one offense is charged, which was the obtaining of $130 from King county. The position of the respondent is correct. The gist of the offense was the obtaining of the money by fraudulent and false pretenses. All of the steps taken leading up to the obtaining of the money were preliminary to the act. The rule is that, where a single offense may be committed in different ways, or by different means, it may be charged in the information to have been committed by more than one of the ways or means, provided the ways or means charged are not repugnant to each other. *State v. Pettit*, 74 Wash. 510, 133 Pac. 1014; *State v. Gaul*, 88 Wash. 295, 152 Pac. 1029; *State v. Wingard,*

92 Wash. 219, 158 Pac. 725. The same rule applies when any number of false pretenses or representations may be used in consummating the final act or purpose to be accomplished by such false pretenses or representations. Bishop's New Criminal Law, § 434.

In *People v. Luttermoser*, 122 Mich. 562, 81 N. W. 565, the defendant was charged with obtaining money by false claims from a township. He was a justice of the peace and a member of the township board. He wrote out four orders in payment of claims against the township and increased each of them $10 above what they should have been. Thereafter he presented these four orders to the treasurer of the township and obtained the money thereon. There, as here, the objection was made that the information was bad for duplicity. In disposing of this case the court said:

"The gist of the offense was the obtaining the money by the presentation of false or invalid orders. When this is stated, it answers the further objection that the information is bad for duplicity because in the same count several distinct, petty offenses are alleged, as these supposed distinct offenses consist of obtaining these several orders, but the averment as to obtaining the money is single."

In the indictment in the present case, the averment as to the obtaining of money is single. But one offense is charged, even though it may have been consummated by a number of false and fraudulent representations.

Some objection is made to the instructions, but this cannot be considered. There being no statement of facts or bill of exceptions here, the court cannot pass upon any question as to the instructions. *Morgan v. Bankers Trust Co.*, 63 Wash. 476, 115 Pac. 1047.

The judgment will be affirmed.

MOUNT, MITCHELL, and TOLMAN, JJ., concur.

HOLCOMB, C. J., took no part.