[No. 18054. Department One. January 19, 1924.]

## THE STATE OF WASHINGTON, *Respondent*, v. CHARLES BOSSIO *et al., Appellants.*[1]

INTOXICATING LIQUORS (49) — OFFENSES — JOINTIST — EVIDENCE— ADMISSIBILITY. In a prosecution for being a jointist, it is admissible to show the arrest of one of the state's witnesses seventeen miles from the accused's place of business and two days before the raid on his place resulting in his arrest, in corroboration of the witness's statement that he had purchased the liquor then found on him at accused's place of business two days before.

SAME (51)—OFFENSES—UNLAWFUL SALES—INSTRUCTIONS. In a prosecution for being a jointist, upon a conflict in the evidence as to whether sales were made on the premises, it is confusing and error to instruct that it is immaterial whether actual sales were made at the premises, if the place was wilfully conducted and maintained for that purpose.

SAME (30, 51)—JOINTIST—ILLEGAL POSSESSION—PRESUMPTIONS— INSTRUCTIONS. In a prosecution for being a jointist, defined by Rem. Comp. Stat., § 7328, as conducting a place for the unlawful sale of intoxicating liquor, while an instruction as to the statutory presumption from possession is proper, it is error to instruct that possession of intoxicating liquor creates a presumption that it is for the purpose of "unlawful sale"; since Id., § 7329, only makes possession "prima facie evidence that it was kept for unlawful sale or disposition."

SAME (30, 51). In a prosecution for being a jointist, it is error to instruct that if intoxicating liquor was found on defendant's premises, it would be presumed that it was in his possession, and that failure to give notice after having knowledge thereof may alone warrant a finding of guilty intent; whether liquor on defendant's premises was in his possession being a question for the jury.

SAME (42)—OFFENSES—JOINTIST—INFORMATION—SUFFICIENCY. An information for being a jointist, defined by Rem. Comp. Stat., § 7328 to be the conducting or maintaining of a place for unlawful sales, either as principal or agent, need not specify or charge that it was done as "principal or agent."

SAME (42). An information charging that three persons jointly as principals or agents were conducting and maintaining a place for the unlawful sale of intoxicating liquors is not an attempt to

[1]Reported in 222 Pac. 467.

charge aiders and abettors under the general statute, Rem. Comp. Stat., § 2260.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered October 28, 1922, upon a trial and conviction of being jointists. Reversed.

*M. E. Mack,* for appellants.

*Chas. H. Leavy* and *Edward M. Connelly,* for respondent.

MACKINTOSH, J.—The appellants assign twenty-three errors as having occurred in their trial on the charge of being jointists.

The first arises from the indorsement by the state of the name of an additional witness upon the information a couple of days before the trial. This indorsement was made under permission of the court and becomes immaterial in view of the fact that under other assignments, a new trial must be granted.

Assignments 2 to 16, inclusive, relate to the admission of testimony on behalf of the state as to the arrest of one of its witnesses two days prior to the raid which resulted in the arrest of the appellants and at a distance of seventeen miles from the appellants' place of business. This testimony was proper as corroborative of the witness' testimony that two days before the appellants' arrest he had purchased liquor at the appellants' place of business and that it was that liquor which was in and on him at the time of the witness' arrest at the place mentioned.

The seventeenth assignment is that the court erred in giving the following instruction: "It is immaterial whether defendants (appellants) or anyone else ever made an actual sale of intoxicating liquor on the premises in question, if the place was wilfully conducted and maintained by the appellants for that purpose."

This instruction in these identical words was held by the majority of this court, in *State v. Brown,* 121 Wash. 371, 209 Pac. 855, to be erroneous, and having been established as the law on this question it will not now be disturbed.

The eighteenth assignment is that the court erred in giving the following instruction:

"Under the laws of this state it is unlawful for any person other than a regularly ordained priest, clergyman, or rabbi actually engaged in ministering to a religious congregation, to have in his possession any intoxicating liquor other than alcohol. And when it is proven beyond a reasonable doubt that one, who is not of the above described class of persons, has intoxicating liquor other than alcohol in his possession, then a presumption arises that such person held and kept such liquor for the purpose of unlawful sale. This presumption is not conclusive, however, but may be rebutted by the person having the liquor in possession."

This instruction is also in the exact words of the instruction condemned in *State v. Brown, supra,* and consequently, under that holding, erroneous.

Assignment nineteen also relates to an instruction identical in words with one condemned in the case of *State v. Brown, supra,* and was as follows:

"If you are satisfied from the evidence beyond a reasonable doubt that intoxicating liquor was found on premises of which the defendants had personal and physical possession, it would be presumed that the liquor upon the premises was also in their possession. This, however, is also a rebuttable presumption and is not conclusive on the defendants. They may offer evidence to show that they had no knowledge of the existence of the liquor on the premises or that it did not belong to them."

This also was error.

Strenuous argument is made that the decision in the *Brown* case as it relates to this instruction should be

overruled, and that, as a matter of fact, the court has already overruled it, and attention is called to several cases. As we will notice, in all of those cases the decision in the *Brown* case is not affected, for in all of them it was determined that it was solely a question of fact for the jury to determine whether possession by the defendant of premises upon which liquor is found raises a presumption of fact that the liquor was in the defendant's possession.

In *State v. Arrigoni,* 119 Wash. 358, 205 Pac. 7, the question was not presented as to whether the court might instruct the jury as a matter of law upon this question, the question before the court there being whether evidence that ''liquor was found in a house of which appellant had possession and of which he had control'' was sufficient from which the jury might presume, as a matter of fact, that the appellant ''had possession and control of the things contained therein,'' and the court said this was a matter which was ''manifestly for the jury, not the court.''

In *State v. Kichinko,* 122 Wash. 251, 210 Pac. 364, there was also no question of the impropriety of the court's instructing upon this phase of the case and it was determined that evidence was properly admitted showing possession of the premises, but that it was a question of fact for the jury whether possession of the premises would create a presumption of the possession of their illegal contents, and the court said:

''. . . the liquor was found in the house in which appellant had possession and over which he had control, creating the presumption, though rebuttable, that the possession was his—a question of fact for the jury rather than a question of law for the court.''

In *State v. Parent,* 123 Wash. 624, 212 Pac. 1066, the court was considering an instruction given to the jury as to the distinction between actual possession and con-

structive possession, but nowhere instructed the jury, as in the *Brown* and the instant case, as to the effect to be given by the jury to the fact of possession of the premises where the liquor was found. In the *Parent* case, *supra,* there was an additional instruction which left this a matter for the jury to determine solely as a question of fact.

In *State v. Spillman,* 110 Wash. 662, 188 Pac. 915, an instruction was given similar to that in the *Parent* case, defining the difference between actual and constructive possession, but nothing therein contained suggested to the jury other than that a presumption of fact for it to determine might arise from possession of the property in which the intoxicating liquor was situated.

In the recent case of *State v. Aplin, ante* p. 36, 221 Pac. 989, this court treated as a question of fact only the effect to be given to the discovery of the liquor upon premises under the control of the defendant, recognizing that this was a matter of fact and not one of law.

In justice to the trial court it should be said that these three instructions were given prior to the handing down of the opinion in the *Brown* case, *supra,* and that case having determined that the instruction was erroneous, whatever might be the inclination now to consider them were the question an open one, the law as there settled will not be interfered with.

Assignments 20 and 21 refer to instructions which allowed the jury no option but to find all the appellants guilty or not guilty. Under the facts of the case, the jury should have been allowed to return a verdict of guilty as to one or more of the appellants and not guilty as to any one or all of them.

Some argument is made in justification of these instructions, arising from matters occurring at the trial which it is urged led the court to give the instructions

at the suggestion of the appellants. This phase of the matter, however, is immaterial for it will not again arise on a new trial.

The twenty-second assignment is based on the court's refusal to grant a motion in arrest of judgment, made on the ground that the information does not charge a crime. The charging part of the information is as follows: "the said defendants . . . then and there acting together and aiding and assisting each other, did then and there wilfully, unlawfully and feloniously conduct and maintain a place for the unlawful sale of intoxicating liquor." The jointist statute, § 7328, Rem. Comp. Stat. [P. C. § 3179h], provides that any person who conducts or maintains ". . . as principal or agent . . . any place for the unlawful sale of intoxicating liquor shall be deemed to be a jointist." The first point urged against this information is that it does not charge the defendants in the language of the statute with conducting and maintaining the place as "principals or agents." This court in *State v. Rousseau*, 111 Wash. 533, 191 Pac. 634, held that the use of the words "principal or agent" was not necessary in the information, the court saying:

"The substance of the whole contention here made in appellant's behalf is that the information is fatally defective because it does not in specific terms charge him with opening a place for the unlawful sale of intoxicating liquor 'as principal or agent.' It, of course, seems plain that, in order to sustain a conviction of appellant, it must appear that he opened the place as principal, that is, as owner or proprietor of the place; or as agent of the owner or proprietor of the place; but is not this just what the language of the information necessarily means? How could one 'open up, conduct or maintain . . . any place for the unlawful sale of intoxicating liquor' except for himself as principal, or as agent for another as principal? We think the lan-

guage of the information as plainly means that appellant opened the place 'as principal or agent' as if these words were in the information."

The next attack on the information is that it is an attempt to charge a crime under § 2260, Rem. Comp. Stat. [P. C. § 8695], being the general statute on aiders and abettors, and that, under the jointist statute, there can be no prosecution under § 2260; the jointist statute specifically designating certain persons who shall be guilty thereunder excludes the possibility of others being included, and the cases of *State v. Furth*, 82 Wash. 665, 144 Pac. 907, and *State v. Bussi*, 121 Wash. 314, 209 Pac. 523, are relied on. As we view it, it is unnecessary to answer this interesting and difficult question, for, as we read it, the information, although containing some words which might properly be used in a charge drawn under § 2260, *supra*, is, in effect, nothing but an information charging that the three defendants jointly, as principals or agents, were conducting and maintaining a place for the unlawful sale of intoxicating liquor, and is not a charge that their only connection with the place was that which would come from aiding or abetting or directly or indirectly counselling, encouraging, hiring, inducing or otherwise procuring someone else to violate the jointist provision. Consequently, we leave open the question of whether, under § 2260, *supra*, persons may be prosecuted for a violation of § 7328, *supra*.

The twenty-third assignment of error is that the court refused to grant a new trial. As we have already stated, the court was in error in giving the instructions heretofore referred to and a new trial should have been granted on that account. The judgment is therefore reversed and a new trial allowed.

MAIN, C. J., PARKER, HOLCOMB, and TOLMAN, JJ., concur.