[No. 17808. *En Banc.* March 28, 1924.]

THE STATE OF WASHINGTON, *Respondent,* v. HARRY AND
JENNIE GREENWALD, *Appellants.*[1]

CRIMINAL LAW (411, 421)—INTOXICATING LIQUORS (51)—APPEAL
—STATEMENT OF FACTS—NECESSITY—INSTRUCTIONS. In a jointist
case, erroneous and confusing instructions to the effect that posses-
sion of liquor raises the presumption that it is for unlawful sale,
cannot be said to be prejudicial, in the absence of a bill of excep-
tions or statement of facts, unless it so appears under every con-
ceivable state of the evidence.

Appeal from judgments of the superior court for
King county, Brinker, J., entered September 12, 1922,
upon a trial and conviction of being jointists. Af-
firmed.

*William R. Bell,* for appellants.

*Malcolm Douglas, Bert C. Ross,* and *Chester A.
Batchelor,* for respondent.

PARKER, J. — The defendants, Harry and Jennie
Greenwald, were charged with, and upon trial in the
superior court for King county, sitting with a jury,
were found guilty of, being jointists, in that they con-
ducted a place in that county for the unlawful sale of
intoxicating liquor. Judgments being accordingly
rendered against them, both have appealed to this
court, bringing here in the clerk's transcript the in-
structions to the jury given by the court, but no state-

[1]Reported in 224 Pac. 386.

ment of facts or bill of exceptions advising us as to what evidence was produced upon the trial or as to what occurred at the trial.

The principal contention here made in behalf of appellants is that the trial court erred to their prejudice in denying their motion for new trial, because of error in the court instructing the jury as follows:

"You are instructed that under the laws of this state, whenever it is proven that any person other than a regularly ordained clergyman, priest, or rabbi actually engaged in ministering to a religious congregation, has in his possession any intoxicating liquor other than alcohol, such possession of said intoxicating liquor shall be prima facie evidence that said liquor was so held and kept for the purpose of *unlawful sale*, and such possession raises the presumption that the person so possessing the liquor had it for the purpose of *unlawful sale or disposition.*"

We italicize the words to be particularly noticed. This was followed by two additional instructions touching the statutory rule attempted to be stated, wherein the trial judge repeated in the same connection the words "unlawful sale," without any connection with the words "or disposition." These instructions, read together, seem plainly to be an erroneous and a confusing exposition of the statutory rule of *prima facie* evidence attempted to be stated, which is that such possession "shall be *prima facie* evidence that said liquor was so held and kept for the purposes of unlawful sale or disposition" (§ 7329, Rem. Comp. Stat.) [P. C. § 3185]; since the court three times erroneously told the jury that the presumption is that such possession of liquor is for *"unlawful sale,"* and once correctly told the jury that the presumption is that such possession of liquor is for *"unlawful sale or disposition."* *State v. Brown,* 121 Wash. 371, 209 Pac. 855; *State v. Bossio,* 128 Wash. 156, 222 Pac. 467.

While the giving of these instructions, read as a whole, seems to be technically erroneous under our decisions above noted, we are unable to say that they were prejudicially erroneous to the extent of calling for a new trial in this case, because we are not advised by statement of facts or bill of exceptions as to what occurred upon the trial of the case which might have cured, or rendered without prejudice, this claimed error. Our following territorial and state decisions support this conclusion: *Brown & Co. v. Forest,* 1 Wash. Terr. 201; *Oregon R. & Nav. Co. v. Galliher,* 2 Wash. Terr. 70, 3 Pac. 615; *State v. Newcomb,* 58 Wash. 414, 109 Pac. 355; *Morgan v. Bankers Trust Co.,* 63 Wash. 476, 115 Pac. 1047; *Weld v. Wheeler,* 90 Wash. 178, 155 Pac. 748; *Mauseth v. Slayden,* 104 Wash. 512, 177 Pac. 319; *Shaw v. Oregon-Washington R. & Nav. Co.,* 105 Wash. 232, 177 Pac. 687; *State v. Callaghan,* 107 Wash. 486, 182 Pac. 594.

Observations made in some of the last above cited decisions may seem to go so far as to hold that, under no circumstances, will instructions be considered upon appeal, with a view of determining whether or not they are prejudicially erroneous, in the absence of a statement of facts or bill of exceptions. We are now inclined to think, however, that there will be found necessary exceptions to the general rule. However, the present case, we think, does not present any such exception to that general rule. It seems, in any event, safe to say that a judgment should not be reversed by an appellate court because of the giving of an instruction or the refusing to give a requested instruction by a trial court, unless such ruling of the trial court would be prejudicially erroneous under every conceivable state of the evidence or of what occurred at the trial, in the absence of a statement of facts or bill

of exceptions advising the appellate court of what there occurred. Now, in the case before us, it is conceivable that some evidence might have been introduced or something might have occurred in the trial of this case that would show the instructions here complained of to be wholly without prejudice to the rights of appellants. We do not know but that there was testimony of a single witness as to possession and sale of liquor as one single act, with no other evidence on the subject, which testimony showed that both the possession and the sale were so clearly connected that one could not be true without the other. This is a conceivable situation in which the giving of this instruction could not have been prejudicial, though it was not a correct statement of the *prima facie* statutory rule attempted to be stated. Other situations are conceivable which might have the same result. We conclude that these instructions could not have been prejudicially erroneous under every conceivable state of the evidence in the case. We cannot, therefore, say that the trial court erred in denying the motion for a new trial. These observations dispose of another claim of error made in behalf of appellants touching another claimed erroneous instruction.

The judgments are affirmed.

MAIN, C. J., BRIDGES, HOLCOMB, TOLMAN, FULLERTON, and MITCHELL, JJ., concur.

PEMBERTON, J., concurs in the result.