[No. 21366. Department Two. February 11, 1929.]

THE STATE OF WASHINGTON, *Respondent*, v. NICK ARVAS et al., *Appellants*.[1]

*Robertson, Paine & Schaaf*, for appellants.

*Charles W. Greenough* and *Frank Funkhouser*, for respondent.

PARKER, J.—The defendants, Nick Arvas, John Arvas and James Arvas, were jointly charged by information, filed in the superior court for Spokane county, with violations of our intoxicating liquor statute. In count I of the information they were charged with being jointists, in that they conducted and maintained a place for the unlawful sale of intoxicating liquor in that county. In count II they were charged with unlawfully having in their possession intoxicating liquor in that county. Being jointly tried upon these charges in the superior court for that

[1]Reported in 274 Pac. 711.

county, sitting with a jury, they were each found and adjudged guilty upon both counts, from which they have appealed to this court.

It is first contended in behalf of appellants that the evidence is insufficient to support the verdicts and judgment. This contention seems to be made looking only to the awarding of a new trial to appellants, but whether so viewed or viewed as a contention that they were entitled to be finally discharged as a matter of law, a careful reading of the evidence convinces us that it cannot be sustained. There was ample, competent evidence, if believed by the jury, to sustain all of the verdicts and judgments.

The prosecution proceeded upon the theory, as plainly indicated by the evidence introduced in behalf of the state, that appellant James Arvas was the owner and principal conductor of the place for the unlawful sale of intoxicating liquor, having there possession of intoxicating liquor, and that appellants Nick and John Arvas were employees and agents of James Arvas, and as such actively participated in conducting and maintaining the place for the unlawful sale of intoxicating liquor, making sales of liquor there, and also having there possession of intoxicating liquor. The trial court gave to the jury, as applicable to this theory of the prosecution, particularly as touching the question of the guilt of appellants Nick and John Arvas, the following instruction:

"You are instructed that to constitute a person the keeper of a place, and to render him liable for keeping and maintaining a place where intoxicating liquors were illegally sold, it is not necessary that he should be the owner or proprietor, or have any interest in the business, but it is enough if, during any portion of the time when the place was thus used, he was present, having the entire control over or superintendence of the place, and if the owner or keeper of the place leaves

his clerk or servant in charge of the place, as for instance, for a day or a fraction of a day, and during his absence such clerk or agent does act in pursuance of the usual business of the place, for such time the clerk or servant is the keeper of the place, if during such time there is such illegal use of the premises, and the place and business are entirely under his control.''

It is contended in behalf of appellants that the giving of this instruction was error to their prejudice. We do not deem it necessary to here follow the able and ingenious argument advanced by counsel for appellants in support of this contention. This instruction is in substance clearly, and in language almost exactly, the same as an instruction given and approved in *Commonwealth v. Kimball,* 105 Mass. 465, and quoted with approval by this court in *State v. Pistona,* 127 Wash. 171, 219 Pac. 859, as applicable to accused in the same situation we find appellants Nick and John Arvas under the evidence introduced by the state in this case. We conclude that the giving of this instruction, under the circumstances here appearing, was not erroneous.

Contention is made in behalf of appellants that the trial court erred to their prejudice in giving to the jury the following instruction:

''If you find from the evidence in this case and beyond a reasonable doubt that intoxicating liquor was found in or upon any person in the place named in the information, and also find that such place was operated by the defendants, either or all of them, as principal or agent, then you are instructed that possession of intoxicating liquor and proof of the possession thereof is prima facie evidence that such liquor was held and kept for the purpose of unlawful sale or disposition. Such prima facie evidence, however, is subject to explanation or rebuttal by the defendants. And if you believe from the evidence in this case, and beyond a reasonable doubt, that the defendants, either

or all of them, did have intoxicating liquor, other than alcohol, in his or their possession, then you are instructed that such possession is prima facie evidence of intent to sell or dispose of it unlawfully.''

This, manifestly, was intended by the trial court as an instruction upon the statutory presumption arising from the possession of intoxicating liquor, as prescribed by Rem. Comp. Stat., § 7329, as follows:

''In any prosecution for the violation of any provision of this act, it shall be competent to prove that any person, other than a regularly ordained clergyman, priest or rabbi actually engaged in ministering to a religious congregation, had in his possession any intoxicating liquor other than alcohol, and such possession and proof thereof shall be prima facie evidence that said liquor was so held and kept for the purposes of unlawful sale or disposition.''

The contention is in substance that this somewhat unnecessarily lengthy instruction, touching the legal presumption prescribed by the above quoted language of § 7329, carried to the minds of the jury the thought that possession of intoxicating liquor by the accused, in a prosecution of this nature, gives rise to the presumption that the place where the liquor may be found in possession of the accused is a place conducted or maintained for the unlawful sale of intoxicating liquor.

While we regard the instruction not very aptly worded, we think, when read as a whole, it is not subject to the construction counsel for appellants contend. for; and that it goes no further than to state that possession of the liquor gives rise to the statutory presumption that it is ''kept for the purposes of unlawful sale or disposition.'' So construed, it was not erroneous, and in substance proper to be given in a prosecution of this nature; since possession of liquor and possession of liquor with intent to sell, and held at the place in question, as the evidence in this case

tended to show, was an item of evidence relevant in this case touching the question of the place being maintained for the unlawful sale of intoxicating liquor. *State v. Brown,* 121 Wash. 371, 209 Pac. 855; *State v. Kallas,* 133 Wash. 23, 233 Pac. 315. It may be observed in this· connection that the court gave to the jury another instruction, as follows:

"You are instructed that the mere fact of the unlawful possession of intoxicating liquor, if you find that the defendants were in the unlawful possession of intoxicating liquor in the place described in the information, does not raise any presumption of law that such place or establishment was a place or establishment opened up, conducted or maintained for the unlawful sale of intoxicating liquor, . . ."

This, we think, must at all events have prevented the jury from misconstruing the instruction complained of.

The judgments are affirmed.

FULLERTON and MAIN, JJ., concur.