[No. 23507.   Department Two.   November 29, 1932.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHN
PLACE, *Appellant.*[1]

*H. N. Martin,* for appellant.

*Ferd J. Schaaf,* for respondent.

HERMAN, J.—In June, 1931, defendant was found guilty of the crime of grand larceny. From the judgment of guilty, defendant has appealed.

Appellant makes five assignments of error. He alleges that the court erred in denying appellant's motion for an instructed verdict in his favor at the close of the state's case; that the court erred in rendering judgment upon the verdict; and that the court erred in denying appellant's motion for a new trial, especially for reasons 4 and 5 thereof, which are: (4) Error of law occurring at the trial and excepted to by the defendant; (5) the verdict is contrary to the law and contrary to the evidence.

[1]Reported in 16 P. (2d) 620.

■ These assignments of error cannot be considered by this court, for the reason that appellant has failed to furnish any statement of facts or bill of exceptions. There is before this court nothing by means of which an examination can be made into the correctness of the court's ruling with reference to the foregoing assignments of error.

■ The two remaining assignments of error relate to the alleged error on the part of the trial court in giving certain instructions, and in refusing to give one of appellant's proposed instructions.

In *State v. Greenwald,* 129 Wash. 159, 224 Pac. 386, the court said: ·

"While the giving of these instructions, read as a whole, seems to be technically erroneous under our decisions above noted, we are unable to say that they were prejudicially erroneous to the extent of calling for a new trial in this case, because we are not advised by statement of facts or bill of exceptions as to what occurred upon the trial of the case which might have cured, or rendered without prejudice, this claimed error. Our following territorial and state decisions support this conclusion: *Brown & Co. v. Forest,* 1 Wash. Terr. 201; *Oregon R. & Nav. Co. v. Galliher,* 2 Wash. Terr. 70, 3 Pac. 615; *State v. Newcomb,* 58 Wash. 414, 109 Pac. 355; *Morgan v. Bankers Trust Co.,* 63 Wash. 476, 115 Pac. 1047; *Weld v. Wheeler,* 90 Wash. 178, 155 Pac. 748; *Mauseth v. Slayden,* 104 Wash. 512, 177 Pac. 319; *Shaw v. Oregon-Washington R. & Nav. Co.,* 105 Wash. 232, 177 Pac. 687; *State v. Callaghan,* 107 Wash. 486, 182 Pac. 594.

"Observations made in some of the last above cited decisions may seem to go so far as to hold that, under no circumstances, will instructions be considered upon appeal, with a view of determining whether or not they are prejudicially erroneous, in the absence of a statement of facts or bill of exceptions. We are now inclined to think, however, that there will be found necessary exceptions to the general rule. However, the present case, we think, does not present any such ex-

ception to that general rule. It seems, in any event, safe to say that a judgment should not be reversed by an appellate court because of the giving of an instruction or the refusing to give a requested instruction by a trial court, unless such ruling of the trial court would be prejudicially erroneous under every conceivable state of the evidence or of what occurred at the trial, in the absence of a statement of facts or bill of exceptions advising the appellate court of what there occurred."

There is nothing about the instructions relative to which appellant complains which would indicate that they would be prejudicially erroneous under every conceivable state of the evidence. So far as the refusal of the trial court to give the instruction proposed by appellant is concerned, there is nothing about the nature thereof which would indicate that it should be given regardless of the testimony introduced at the trial. There is nothing before us to show that the evidence warranted the giving of the proposed instruction. The appellant has failed to show that the trial court committed any error.

The judgment is affirmed.

TOLMAN, C. J., MAIN, BEALS, and STEINERT, JJ., concur.