[No. 16289. Department One. March 7, 1921.]

# THE STATE OF WASHINGTON, *Respondent*, v. MARIE McDONALD, *Appellant*.[1]

FORGERY (4) — INDICTMENT AND INFORMATION (73) — DUPLICITY— SERIES OF ACTS. An information for forgery is not duplicitous where the acts charged were of a series constituting one crime.

JURY (44)—COMPETENCY—PRIOR SERVICE—SAME OR SIMILAR CASE. Under Rem. Code, § 330, disqualifying one who had served as a juror in a criminal action by the state against either party upon substantially the same facts, a juror is not disqualified in a prosecution for forgery of an indorsement on an instrument by previously sitting at the trial of defendant's sister charged with forgery of another indorsement upon the same instrument, since defendant was not a party to the former action.

WITNESSES (114)—IMPEACHMENT—STATEMENTS CONTRADICTED. A witness testifying as to the ownership of an automobile may properly be impeached by the admission of a bill of sale of the car.

TRIAL (24)—RECEPTION OF EVIDENCE—CUMULATIVE EVIDENCE. It is not error to reject cumulative evidence as to defendant's condition,

[1] Reported in 195 Pac. 1048.

especially where it referred to a time after the occurrence of the alleged offense.

Appeal from a judgment of the superior court for Spokane county, Frater, J., entered May 17, 1920, upon a trial and conviction of forgery. Affirmed.

*C. T. McDonald, F. W. Girand,* and *C. W. Greenough,* for appellant.

*Joseph B. Lindsley* and *Clarence A. Orndorff,* for respondent.

MACKINTOSH, J.—From a conviction for forgery, Marie McDonald appeals, claiming, first, that the information upon which she was tried charged more than one crime. This contention seems to be answered by the cases of *State v. Newton,* 29 Wash. 373, 70 Pac. 31; *State v. McBride,* 72 Wash. 390, 130 Pac. 486, where it was held that an information for forgery was not bad for duplicity, where the acts charged were of a series constituting but the one crime.

It is next claimed that the court should have sustained the defendant's challenge for cause to one of the jurors who had previously sat at the trial of defendant's sister, likewise charged with the crime of forgery of an endorsement upon the same instrument on which it was claimed the appellant here had forged a second endorsement. The answer to this assignment is that Rem. Code, § 330, disqualifies one: "having served as a juror in a criminal action by the state against either party upon substantially the same facts or transaction." The appellant in this action was not a party to the case against her sister, and although the testimony might be the same in both cases the *voir dire* examination of the talesman disclosed that he was fair and impartial, and had no opinion of the guilt or innocence of

this appellant. This assignment falls within the principle announced in *State v. Van Waters*, 36 Wash. 358, 78 Pac. 897.

It is next urged that the court commented upon the evidence in passing upon the admissibility of the testimony of one of the witnesses. The remark complained of was made by the court in explanation to appellant's counsel of the reason for his ruling and, as we read the record, by no possible construction of the remark could it be held to have been a comment on the testimony. *State v. Surry*, 23 Wash. 655, 63 Pac. 557; *Dunkin v. Hoquiam*, 56 Wash. 47, 105 Pac. 149.

It is suggested that there is not sufficient evidence to support the verdict. This assignment may be disposed of by the statement that the record is very nearly conclusive of the appellant's guilt.

Error is assigned in the admission in evidence of a bill of sale of the automobile in which the appellant left the state immediately after the commission of the alleged offense. The testimony was properly admitted as being an impeachment of the witness, who had testified as to the ownership of the car.

The refusal of the court to allow the appellant to introduce testimony as to her physical condition on the day the crime is alleged to have been committed is also complained of. Much testimony had already been introduced upon this question, and the testimony offered and refused was merely cumulative, and was further objectionable for the reason that it referred to appellant's condition a considerable time after the occurrence of the alleged offense.

Upon the whole record, the conviction was proper and the judgment thereon will be affirmed.

PARKER, C. J., BRIDGES, and HOLCOMB, JJ., concur.