[No. 20121. Department Two. November 22, 1926.]

THE STATE OF WASHINGTON, *Respondent*, v. DAN
CUNNINGHAM *et al., Appellants.*[1]

[1] WITNESSES (101)—CROSS-EXAMINATION TO DISCREDIT WITNESS—
SCOPE. In a liquor prosecution, where a witness for the state had
testified to expending for liquor $500 while keeping a savings
account in a certain bank, it is not prejudicial error to deny an
offer to impeach him by testimony of the cashier of the bank that
he had no savings account in the bank and that his checking
account never exceeded $50.

[2] INTOXICATING LIQUORS (31, 49)—KEEPING PLACE FOR UNLAWFUL
SALE—EVIDENCE—ADMISSIBILITY. In a prosecution of jointists,
it is not error to exclude evidence relating to the conduct of
the place after the date of a writing purporting to be a bill of
sale of the place, where there was evidence that the place was
being conducted and that the defendants were there after that
date substantially as prior thereto.

[3] SAME (31, 51)—UNLAWFUL SALE—INSTRUCTIONS. In a joint pros-
ecution for violation of the liquor laws, instructions are not
erroneous as failing to permit the guilt of each defendant to be
separately considered, where the jury was plainly told to con-
sider the guilt or innocence of each separately and forms for
separate verdicts were submitted.

Appeal from a judgment of the superior court for
Pierce county, Remann, J., entered March 29, 1926,
upon a trial and conviction of being jointists. Af-
firmed.

*J. Charles Dennis,* for appellant Cunningham.

*James F. O'Brien,* for appellant Buckley.

*J. W. Selden, John E. Belcher,* and *H. R. Carothers,*
for respondent.

PARKER, J.—The three defendants in this case were,
by information filed in the superior court for Pierce

[1]Reported in 250 Pac. 945.

county, charged with the crime of being jointists, committed as follows:

"That the said Dan Cunningham, Louis Padfield and Lawrence Buckley in the county of Pierce, in the state of Washington, between the 15th day of September, 1925, and the 25th day of December, 1925, then and there being, unlawfully and feloniously did open up, conduct and maintain a place for the unlawful sale of intoxicating liquor, towit, the Sunset Inn, the same being located on the Tacoma-Puyallup highway known as the hill road about one-half mile east of the city limits of Tacoma."

They were tried together in that court sitting with a jury. At the conclusion of the introduction of the evidence, the court withdrew from the jury the question of Padfield's guilt and dismissed the charge as to him. The jury returned separate verdicts of guilty against the defendants Cunningham and Buckley. Judgments were accordingly rendered against each of them, from which each has appealed to this court.

[1] One Utter was a witness for the state. We quote from his testimony as abstracted by appellants' counsel, as follows:

"That he went to the Sunset Inn on Friday during fair week; drinks were served by Cunningham and Buckley. That he bought liquor from Cunningham and Buckley at least fifty times during the next two months. That the witness would give an order for beer or whiskey and enjoy life.

"On cross-examination he testified:

"That he had been to the Sunset Inn at least fifty times; had spent about $500, and that this $500 he obtained from working.

"Q. How much did you get per day? A. Eight dollars a day. Q. And after that, in four months you could spend $500 for booze? A. While the savings account was still there. Q. Where did you keep your savings account? A. Citizens State Bank of Puyal-

lup. Q. How long had you had an account there? A.
For quite a while. Q. How much did you have saved
up there on July 1, 1925? A. I couldn't say."

Later during the trial, counsel for appellants offered

". . . to prove by the assistant cashier of the
Citizens State Bank of Puyallup that the witness for
the state, F. W. Utter, did not, during the year 1925,
have in the savings account in said institution any fund
whatsoever, and that his checking account never ex-
ceeded at any time approximately fifty dollars." ·

This offer was rejected by the court. It is contended
in behalf of appellants that they were entitled to make
this offer of proof, as tending to impeach Utter as a
witness. We think the rejection of the offer was not
prejudicially erroneous as against either of the de-
fendants. It is apparent that the offer was made with
a view of contradicting Utter's testimony as to having
a savings account in the Citizens State Bank of Puyal-
lup. The offer may have had a tendency to prove that
Utter did not have what might be technically called a
savings account in that bank; but, instead of the offer
tending to show that he did not have any account in
that bank, it showed that he did have a checking account
there.

Besides, as we view this record, this was an attempt
to show a purely collateral matter brought out on
cross-examination, of such nature that it did not be-
come a legitimate subject of further inquiry by way of
impeachment. And in any event, the offer could not
be construed as anything more than an offer to dis-
prove Utter's statement as to his having a "savings
account" in the bank, viewed in the most technical
sense of those words. We are of the opinion that, un-
der the circumstances shown, it was not prejudicial
error for the trial court to reject this offer of proof.

[2] It is further contended in behalf of appellants that the trial court erred specially to the prejudice of Cunningham in refusing, upon request of his counsel, to strike and exclude from the consideration of the jury, as bearing upon the question of his guilt, all evidence relating to the conduct of the place after December 18th. This contention seems to be rested upon the theory that the court should have decided as a matter of law that there was no evidence of his having any connection with the place after that date because there was introduced in evidence a writing purporting to be a bill of sale of the place by both appellants on December 18th, conveying away all their interest in the place. There was evidence that both Cunningham and Buckley were interested in the place as being maintained for the unlawful sale of intoxicating liquor for a considerable time immediately prior to December 18th; that the place was being conducted for the unlawful sale of intoxicating liquor after that date up to December 25th, substantially as prior to December 18th; that Buckley actually sold liquor there after December 18th and that Cunningham was there after December 18th, though there seems to be no direct evidence of his having actually sold liquor after that date. In other words, we think the record abundantly warranted the jury in believing that the bill of sale purporting to be executed on December 18th, did not end the criminal connection and control of either Cunningham or Buckley over the conduct of the place. We think the trial court was fully warranted in declining to withdraw from the consideration of the jury evidence of occurrences there after December 18th, as having no bearing on the question of Cunningham's guilt.

[3] Contentions are made in behalf of appellants that the court erred in the giving of several instruc-

tions. It is somewhat difficult to follow the argument of counsel upon these contentions. While a number of the instructions are referred to and the claims of error with reference thereto pointed out, the argument thereon as a whole is very brief, and, as we understand it, seems to be generally that the instructions mentioned fail to "recognize the principle of each of the defendants being tried separately." As we view the sentences of the instructions complained of, we think only a strained construction of them could have the effect of giving the jury to understand that the guilt of each should not be separately considered and determined. When read as a whole, we think the instructions plainly told the jury to determine the guilt or innocence of each separately. In concluding the instructions, the court submitted to the jury, for return, separate forms of verdicts for them to find the guilt or innocence of each defendant separately. We think the instructions were not prejudicially erroneous as against either of appellants in the respect claimed by their counsel.

Two other claims of error were suggested in oral argument in this court and in a very brief memorandum with reference thereto filed at that time, which were neither assigned nor argued in the opening briefs. We do not feel called upon to discuss these claims of error thus presented. We deem it sufficient to say that we are unable to see that any prejudicial error was committed against either of the appellants in so far as these claims of error are concerned. We think the case does not call for further discussion.

Both of the judgments are affirmed.

TOLMAN, C. J., MITCHELL, ASKREN, and MACKINTOSH, JJ., concur.