[No. 19990.   Department One.   December 16, 1926.]

THE STATE OF WASHINGTON, *Respondent*, v.
VAN GROSHONG, *Appellant*.[1]

[1] WITNESSES (101)—IMPEACHMENT—CROSS-EXAMINATION TO DIS-
CREDIT WITNESS.  The scope of cross-examination to affect credi-
bility of a witness being largely within the discretion of the trial
court, error cannot be predicated on excluding questions as to
whether a paid witness had accepted salary from other law en-
forcement officers, where the cross-examination had taken a wide
range.

[2] CRIMINAL LAW (451)—APPEAL—HARMLESS ERROR—CONDUCT OF
COUNSEL.  Error cannot be predicated upon a collateral state-
ment of counsel foreign to the case, in the absence of a motion
to instruct the jury to disregard it.

Appeal from a judgment of the superior court for
King county, Paul, J., entered January 4, 1926, upon
a trial and conviction of being a jointist.   Affirmed.

*Edward C. Kriete* and *Henry Clay Agnew*, for ap-
pellant.

*Ewing D. Colvin* and *Cordelia M. Thiel*, for re-
spondent.

MAIN, J.—By information, Jesse McGee and Van
Groshong were charged with unlawfully opening up,
conducting and maintaining a place for the unlawful
sale of intoxicating liquor.  The trial resulted in a
verdict of guilty as to both defendants.   Groshong
appeals.

[1]   The first assignment of error relates to the rul-
ing of the trial court in limiting the cross-examination
of a witness on matters affecting his credibility.  For
the state, a witness employed by the prosecuting at-

[1]Reported in 251 Pac. 289.

torney's office as a special investigator testified in detail as to making purchases of intoxicating liquor from the appellant and McGee at the Taft Hotel, located at 121 Washington street in the city of Seattle. Upon cross-examination, the witness was taken in detail over his substantive testimony. The examiner then started on a line of cross-examination designed to affect his credibility. This examination took a wide range. To some of the questions asked, an objection was interposed and sustained. One of these questions was whether the witness was not, at the time of his employment by the prosecuting attorney's office, accepting salaries from other law enforcement officers, specifying them. It is claimed that the court should have permitted an answer to this question.

The cross-examination of a witness for the purpose of affecting his credibility is a matter which rests largely in the discretion of the trial court, and this court, in the absence of abuse of discretion, would not disturb the ruling. In view of the scope of the cross-examination allowed and the particular facts sought in the question to which the complaint is directed, there does not appear to us to be any substantial foundation upon which to predicate error. The trial court did not abuse its discretion in refusing to permit the question to be answered.

[2] The second assignment of error relates to the failure of the trial court to strike a statement of the deputy prosecuting attorney, made during the course of the cross-examination referred to. This statement was in the nature of a proposed stipulation as to the witness that was then under examination. The statement was foreign to the issue, and had no proper place in the trial. Immediately at the conclusion of the statement, the cross-examiner said:

"I move that the statement be stricken. If she wants to testify to that, I would like to have her sworn and have the privilege of cross-examining her."

"The Court: We are trying one case at a time, and we don't want any more of this collateral matter injected into the case, and if there is any more trouble, we will excuse the jury and take certain measures."

While the statement objected to was foreign to the issue and related to a matter which was entirely immaterial, it does not seem to us that it could have been prejudicial. In any event, before any error could be predicated upon it, it would have been necessary to have moved the court to instruct the jury to disregard it and, in the event of a refusal, to except to the ruling. This was not done.

The third assignment of error is as to the refusal of the trial court to grant a new trial, because of the insufficiency of the evidence. While the testimony was in conflict, there was plenty of substantial evidence, from which the jury had a right to find that the appellant and McGee were maintaining three rooms in the Taft Hotel, above referred to, as a place for the sale of intoxicating liquor. This question was clearly one for the jury.

The judgment will be affirmed.

TOLMAN, C. J., MITCHELL, HOLCOMB, and FULLERTON, JJ., concur.