[No. 20424.  Department Two.  March 10, 1927.]

THE STATE OF WASHINGTON, *Respondent,* v. GEORGE W. TRACY *et al., Appellants.*[1]

[1] INTOXICATING LIQUORS (31, 51)—KEEPING PLACE FOR UNLAWFUL SALE—INSTRUCTIONS.  In a prosecution against several jointly for continuously conducting a joint during the period of one year specified in the information, it is not necessary for the state to prove a continuity of ownership at all times, where the jury was properly instructed as to continuity in conducting and maintaining the place either as owner or as agents of the owner and there was ample evidence to go to the jury thereon.

[2] INDICTMENT AND INFORMATION (71)—JOINDER OF PARTIES—EFFECT OF DISMISSAL AS TO ONE.  Where there was no request for a separate trial, defendants, jointly accused of maintaining a joint during a certain period, cannot complain of the dismissal of one of their number for lack of evidence against him, notwithstanding evidence to the effect that the convicted defendant assisted such dismissed defendant in operating the place during part of the period charged.

[3] INTOXICATING LIQUORS (31, 51)—KEEPING PLACE FOR UNLAWFUL SALE—INSTRUCTIONS.  In a prosecution of jointists jointly for

[1]Reported in 254 Pac. 234.

maintaining a place during a certain period, error cannot be assigned upon an instruction to the effect that the element of continuity is applicable to a principal but not applicable to an agent, where there was no motion for separate trials and there was ample evidence to warrant the jury in finding that all the appellants were maintaining the place at the same time, although there was some evidence that they were not all maintaining the place all the time.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered July 17, 1926, upon a trial and conviction of being jointists. Affirmed.

*Gordon D. Eveland, Joseph H. Smith,* and *G. F. Vandeveer,* for appellants.

*C. T. Roscoe, Charles R. Denney* and *John C. Richards,* for respondent.

TOLMAN, J.—Appellants were found guilty of the crime of being jointists and received penitentiary sentences, from which they appeal. These appellants, together with others, were joined in a charge of having maintained and conducted a place for the unlawful sale of intoxicating liquor in Snohomish county during the period "beginning on or about January 1, 1925, and ending on or about January 4, 1926." Two of the persons charged in the information were never apprehended or brought to trial. At the opening of the trial, a motion for a separate trial was made by another of the persons charged, and granted. A jury was then selected and sworn and the cause proceeded to trial against these four appellants and one Fred P. Swalwell. The state produced evidence, now conceded to be sufficient to take the case to the jury, as to each of the appellants, but not connecting all with the place at any one time, except as that connection might be inferred from the fact that the city license to operate a soft drink business stood in the name of one of the persons

charged, but not on trial, from February 24, 1925, continuously throughout the remainder of the year.

When the state rested, a motion for dismissal was made, based upon the supposed failure of the proof to show continuity, which motion was denied. The defendants offered evidence to the effect that, on July 13, 1925, Swalwell sold the place to Tracey, and thereafter he, Swalwell, had no further connection with it; that Tracey at no time prior to July 13 had any connection with the place, but that afterwards he operated it until September 12, when he sold it to Summerlin, and Summerlin thereafter operated it. There was evidence also that Swalwell's employes did not continue under Tracey, and that Tracey's employes did not continue under Summerlin; but appellant Clarke seems admittedly to have been employed in the place under Swalwell and again under Summerlin. There was apparently plenty of evidence, if believed by the jury, to warrant them in finding that Tracey continued to take part in the maintaining and operating of the place at all times after the purported sale by him to Summerlin, and Tarlton and Clarke were admittedly assisting therein from September 12 on for a considerable time.

At the close of all of the testimony, the defense renewed its motion for a dismissal, which was denied. The prosecutor then said:

"I understood your Honor to intimate that the jury would be instructed that they must find a continuity of action between Mr. Swalwell and the other defendants and I feel that it becomes the duty of the state now to dismiss as to Swalwell."

This motion was granted. Thereupon the following occurred:

"Mr. Vanderveer: For the purpose of the record and in order to preserve every question there is in this case, we offer now to renew our motion for a dismissal of the case as to the other defendants.

"The Court: The record will show plainly that the motion for dismissal made on behalf of each defendant is renewed subsequent to the action of the court in granting the state's motion for dismissal as to the defendant Swalwell, and the motion is denied.

"Mr. Vanderveer: Exception."

The court instructed the jury, among other things, as follows:

"As to the defendant Fred P. Swalwell, there has been granted by the court a motion of the state for a dismissal of this cause as to that one, and you are instructed that it is your duty to wholly disregard for all purposes any testimony that has been received during the trial bearing upon the guilt or innocence of said Swalwell, including his own, and all testimony and evidence adduced concerning the place in question, the purpose of its maintenance, any sales of liquor thereat by Swalwell, or any other person, prior to the 13th day of July, 1925, and generally all the evidence whereby it has been sought to prove that said Swalwell is guilty of being a jointist."

And further instructed:

"You are instructed that, in view of the form and language of the information, charging as it does a continuing offense, and as restricted by these instructions to the period between the 13th day of July, 1925, and the 4th day of January, 1926, and alleged to have been jointly committed by the several named defendants, and in view further of the nature of the evidence adduced by the state and the defendants, you cannot find all, or any of the defendants on trial guilty merely and alone because you believe, if you do, that during some certain portion of the time between the 13th day of July, 1925, and the 4th day of January, 1926, but at different periods of such time some defendant remaining on trial was an owner of the place and enterprise and one or more of the defendants remaining on trial assisted such one as agents during that one's ownership; while during some other portion of the time between July 13th, 1925, and the 4th day of January,

1926, some other of the defendants remaining on trial were the owners of the place and enterprise and certain other defendants remaining on trial assisted that one as agents.

"In other words, under our law, not two persons, or groups of persons, can be charged and tried jointly for conducting a place for the unlawful sale of intoxicating liquor, if such ones act independently of each other, but in such case each person or group of persons must be charged and tried separately for those acts and for those acts only which were committed by themselves.

"You are further instructed that, for you to find any defendant, or defendants, remaining on trial, guilty it is required that you be convinced beyond a reasonable doubt that there was continuity in the maintenance and conduct of the place by some one or more of such defendants as owner, or owners, for the whole or substantially the whole of the period between July 13th, 1925, and January 4th, 1926. Such a one would constitute a principal within the meaning of the law and these instructions.

"And further, you must be thus convinced before you can find any defendant, or defendants, remaining on trial, guilty other than as an owner that such one, or ones, assisted the owner and principal in manner and degree as to become agents of that one. Any person who acts as a server or waiter or clerk, or in any wise assists an owner or principal, by taking an active part in conducting a place for the unlawful sale of intoxicating liquor, with knowledge that the place is conducted for that purpose, among any other things, is an agent.

"And as to an agent, it is not required that one to be guilty shall be proven to have been such for the whole period of time between July 13th, 1925, and January 4th, 1926, nor for two or more to be guilty as agents of the same principal is it required that such ones be proven to have been agents at the same time. It is enough that it be proven beyond a reasonable doubt, that at some time within the period mentioned, one or more were agents, even though one defendant

was such during the first month and another during the last or other months of the period.

"The element of continuity which you have been instructed is applicable to the principal is not applicable to an agent.

"You are instructed that if you shall, after considering all the evidence in the case and in the light thereof, be convinced beyond a reasonable doubt, as that degree of proof is herein later defined, that during the whole or substantially the whole of the period of time between the 13th day of July, 1925, and the 4th day of January, 1926, or within a very few days either way (this not being required to be established as alleged exactly or to a day), the place and premises referred to in the information and in the testimony were conducted and maintained by one or more of the defendants, who remain on trial, as continuing owner or owners without any intervening separate and independent ownership, for the purpose, among any other things, of the unlawful sale of intoxicating liquor; and if you shall be further so convinced that one or all of the other defendants remaining on trial, assisted for any period of time therein in the relation of agent to that one, or those of the defendants who were such owners in thus conducting and maintaining the place for such purpose, then and in that event you will find such defendant, or defendants, as were owners and such defendants, or defendants, as were thus agents, guilty. If you shall not be so convinced as to any of the defendants, who remain on trial, then you will acquit."

[1] Appellants now seem to concede that these instructions clearly state the law applicable, except in one particular hereinafter referred to, but they seem to complain that the court should, as a matter of law, have decided that there was a lack of continuity, instead of submitting that question to the jury. The jury, of course, are the sole judges of the facts, and whether continuity, as defined by the instructions, existed or did not exist was a question of fact, not to be determined solely from a bill of sale or like instruments,

though regular in form, but from all of the evidence in the case and every reasonable inference to be drawn therefrom. *State v. Cunningham,* 141 Wash. 96, 250 Pac. 945. The fundamental error of appellants is in assuming that the state must prove a continuity of ownership in the place between July 13, 1925, and January 4 following; while the true rule is that to make a case, continuity in conducting and maintaining is all that is necessary. There was ample evidence to go to the jury on the last question, and the appellants were equally guilty, whether they so conducted and maintained as owners or as agents of the owners. *State v. Bossio,* 128 Wash. 156, 222 Pac. 467; *State v. Perrin,* 127 Wash. 193, 220 Pac. 772, and cases there cited.

[2] Appellants next argue that the dismissal of Swalwell was prejudicial to them. It is true that there was evidence to the effect that Clarke assisted in operating the place under Swalwell and also under Summerlin, but the first instruction which we have quoted took from the consideration of the jury all evidence of the first offense (if they were separate offenses) and left to be determined only Clarke's connection with the place after July 13. We see no error of which Clarke can complain in that. If the appellants were limited in their peremptory challenges by reason of the fact that Swalwell was in the case when the jury was selected, they cannot now complain. By a proper showing at the proper time a separate trial might have been secured, or the refusal to grant it might have been saved for review. No application of that nature was made, and we cannot lay down the unworkable rule that the discharge of one jointly charged before the submission of the case to the jury is error as to those remaining on trial.

[3] It is further urged that the court erred in giving

that part of the second instruction quoted which reads:

"And as to an agent it is not required that that one to be guilty shall be proven to have been such for the whole period of time between July 13th, 1925, and January 4th, 1926, nor for two or more to be guilty as agents of the same principal is it required that such ones be proven to have been agents at the same time. It is enough that it be proven beyond a reasonable doubt, that at some time within the period mentioned one or more were agents, even though one defendant was such during the first month and another during the last or other months of the period.

"The element of continuity which you have been instructed is applicable to the principal is not applicable to an agent."

The arguments advanced and the illustrations used to support this contention would be forcible if addressed to the court on a motion for separate trials, but they can have no weight here, because there was ample evidence in the case to warrant the jury in finding that all of the appellants were maintaining the place at the same time, even though there was some evidence that not all were maintaining the place all of the time. As applied to the evidence in the case, the instruction was correct.

We recognize the dignity and force of a number of authorities upon which appellants rely, but, as we view it, they so clearly have no application to the questions which we are here determining, that it is unnecessary to analyze or distinguish them.

The judgment is affirmed.

MACKINTOSH, C. J., BRIDGES, PARKER, and ASKREN, JJ., concur.