[No. 21058.   Department Two.   April 10, 1928.]

THE STATE OF WASHINGTON, *Respondent*, v. HOWARD
          KINGSBURY, *Appellant.*[1]

[1] INTOXICATING LIQUORS (49)—PRIOR OFFENSE—EVIDENCE—ADMIS-.
     SIBILITY OF ENTRY IN JUSTICE DOCKET.   In a liquor prosecution,
     in which a prior conviction of liquor in possession is alleged,
     as required by Rem. Comp. Stat., § 7339, presenting a question
     of fact, it is proper to admit in evidence an entry in the justice
     docket upon the prior conviction, reciting "3½ gals. moonshine
     whiskey in evidence"; in view of Id., § 1770, subdiv. 14, requir-
     ing the justice to enter in his docket "such other entries as may
     be material."

[2] CRIMINAL LAW (444)—APPEAL—HARMLESS ERROR—OFFER AND
     REJECTION OF EVIDENCE.   In a liquor prosecution, prejudicial
     error cannot be assigned upon the state's offer in evidence of a
     bottle of moonshine whiskey taken from a person in defendant's
     shop, which was rejected by the court; especially in view of
     other bottles properly presented and received.

[3] CRIMINAL LAW (124)—EVIDENCE—ARTICLES TAKEN FROM AC-
     CUSED—MARKED MONEY.   Two silver dollars, positively identi-
     fied as the money paid to defendant for moonshine whiskey, are
     not inadmissible because of failure to prove the identification
     marks placed thereon.

[4] INTOXICATING LIQUORS (31, 50)—KEEPING PLACE FOR UNLAWFUL
     SALE—EVIDENCE—SUFFICIENCY.   Continuity in maintaining a
     joint for the sale of intoxicating liquor for a substantial time
     is sufficiently shown by evidence of three sales made in the
     afternoon and evening of the day charged, in connection with
     the recovery from a secret place of three or four bottles con-
     taining moonshine whiskey.

[5] CRIMINAL LAW (55)—FORMER JEOPARDY—IDENTITY OF OFFENSES—
     DIFFERENT OFFENSES IN SAME ACT.   A prosecution for liquor in
     possession is not included in a charge of being a jointist, al-
     though sustained by the same evidence; since they are not iden-
     tical in law.

[6] CRIMINAL LAW (388)—APPEAL—PRESERVATION OF GROUNDS—MIS-
     CONDUCT OF COUNSEL—ARGUMENT TO JURY.   Misconduct of the.
     prosecutor in argument to the jury cannot be assigned as error,
     in the absence of any objection at the time, where it was not so
     flagrant that no instruction could have cured it.

[1]Reported in 266 Pac. 174.

Appeal from a judgment of the superior court for Spokane county, Leavy, J., entered September 12, 1927, upon a trial and conviction of being a jointist. Affirmed.

*Edward M. Connelly, Turner, Nuzum & Nuzum,* for appellant.

*Chas. W. Greenough* and *Frank Funkhouser,* for respondent.

MAIN, J.—The information in this case contains two counts. The first charges the defendant with being a jointist and the second with having liquor in possession with intent to sell. The trial resulted in a verdict of guilty upon both counts and the defendant was sentenced upon both. From the judgment entered upon the verdict, the defendant appeals.

The appellant, on March 17, 1927, and for some time prior thereto, had operated a tire shop in the city of Spokane. On this day, as shown by the evidence offered by the state, he made three sales out of his shop of moonshine whiskey, all of which were to the same person. One purchase was made during the afternoon, another about eight o'clock in the evening and the third a little later. After the last purchase, the shop was searched and three or four bottles of moonshine whiskey were found in a cache in a secret compartment in a desk in the place. The appellant was thereupon arrested, charged and tried, as above stated.

[1] Upon the trial, there was introduced in evidence a transcript of the docket of the justice of the peace, showing a prior conviction of the offense of liquor in possession with intent to sell. This transcript, under the heading "Witnesses sworn and examined on behalf of plaintiff," recites: "3½ gals. moonshine whiskey in evidence." When the transcript was offered, the appellant objected to this matter with

reference to the moonshine whiskey going in evidence, and the court first ruled that that part would not be submitted to the jury. Later, the ruling was changed and the entire transcript went in evidence. This presents the question whether it was error to introduce that part of the transcript which recited the evidence. The other parts of the transcript show, as stated, that the appellant was there adjudged guilty of the offense of liquor in possession with intent to sell. This fact alone would give rise to the reasonable inference that he had some liquor in his possession, otherwise he would not have been adjudged guilty. Section 7339, Rem. Comp. Stat., [P. C. § 3194], in part provides that:

"Every prosecuting attorney, and every justice of the peace, having knowledge of any previous conviction or convictions of any person accused of violating this act, shall in preparing a complaint, information or indictment, for subsequent offenses, allege such previous conviction or convictions therein, and a certified transcript from the docket of any justice of the peace, or a copy of the record of any court of record, certified by the clerk thereof under the seal of the court, shall be sufficient evidence and proof of such previous conviction or convictions."

Here is an express direction to the prosecuting attorney to allege the previous conviction, if there be one, in the information, and the docket of the justice of the peace, properly certified, shall be sufficient evidence thereof.

Section 1770, Rem. Comp. Stat., [P. C. § 9638], sets out what the docket of the justice of the peace shall contain. It is there provided that:

"Every justice of the peace shall keep a docket in a well-bound book, in which he shall enter,—

"1. The title of all actions commenced before him;

· "2. The object of the action or proceeding, and if a sum of money be claimed, the amount of the demand;

. ."3. The date of the notice and the time of its return; and if an order to arrest the defendant be made, the statement of the facts on which the order is issued;

· . .
·  "14. And such other entries as may be material."

The omitted provisions, as indicated by the asterisks, can have no possible bearing upon the present inquiry. It will be noticed that the fourteenth subdivision authorized the entering in the docket, in addition to those specifically mentioned, matters which may be material. In *State v. Dericho,* 107 Wash. 468, 182 Pac. 597, it was held that, where a prior conviction was alleged, this presented a question of fact for the jury. In *State v. Dale,* 110 Wash. 181, 188 Pac. 473, it was held that, where a previous conviction was alleged and proven, this entered into and became a part of the second or aggravated offense.

Since the statute authorizes the justice to enter in his docket any matter that may be material and since the previous conviction enters into and becomes a part of the aggravated offense, it cannot be said that the recital of three and one-half gallons of moonshine whiskey in evidence in the transcript of the justice docket is so far immaterial as to constitute prejudicial error. If the transcript had recited one-half pint of moonshine whiskey in evidence, it would hardly be claimed that this was prejudicial, in view of the fact that the appellant was, in that proceeding, adjudged guilty of liquor in possession with intent to sell. · It may be that there could be a recital in the transcript of the justice docket so far immaterial and prejudicial that it should not be received in evidence, but this case does not present that situation.

·· [2] The next question is, whether it was error for

the state to offer in evidence a bottle of moonshine whiskey which was taken from a person in the shop at the time of the appellant's arrest. This bottle was not received in evidence. The mere offer and rejection of it does not furnish a basis for a holding that this was prejudicial error. Especially is this true, when the offer of this particular bottle was taken into consideration with all the other bottles of evidence that were properly presented and received in evidence.

[3] The next question is, whether there was error in receiving in evidence two silver dollars which were given by the police officers to one Robert Van Paine and with which the last purchase above mentioned was made. Two of the police officers testified that four silver dollars were given to Van Paine with which to go to the shop of the appellant and purchase liquor; that he went to the shop, purchased one pint, for which he paid two dollars, and returned this and the two dollars not expended to one of the officers. Both officers testified that the two dollars offered in evidence were two of the four given to Van Paine and that, when they searched the shop, they found these two dollars in the cash register. When one of the officers was testifying, the court made certain inquiry with reference to identifying marks upon the money, and the witness testified that there were such. The appellant later moved to strike this testimony and the court, in response thereto, instructed the jury specifically to disregard the questions which had been asked by the court and the answers thereto. This put out of the record the testimony with reference to the identifying marks. It did not eliminate the testimony of the officers that the two dollars offered had been given by them or one of them to Van Paine and that they had been taken from the cash register in the shop at the time of the search. This leaves the matter in

this situation: There was positive testimony that the money taken from the cash register was the same that had been given to Van Paine. While it would have been better had the identifying marks been proven, if there were such, it cannot be said that the money was not sufficiently identified to permit it to be considered as evidence.

[4] The next question is whether the court erred in refusing to direct a verdict of not guilty upon the count in the information charging the appellant with being a jointist. In *State v. Tracy,* 142 Wash. 612, 254 Pac. 234, it is pointed out that, in order to sustain a conviction, continuity in conducting and maintaining the place is necessary, but it is not there held that continuity for any particular time must be shown. Continuity for a substantial time must necessarily be sufficient. In the present case, as appears from the facts above stated, the appellant made three sales during the afternoon and evening of the day mentioned, and in addition to this there were taken from a desk in the shop three or four bottles containing moonshine whiskey. The evidence is at least sufficient to show, if believed by the jury, there was continuity in conducting the place during the afternoon of that day and the evening with the indication, from the quantity found in the desk, that the appellant might contemplate additional sales. The evidence was sufficient to show continuity of operation for a substantial length of time. There was no error in refusing to withdraw this charge from the jury.

[5] It is next contended that the court erred in submitting count two, that is the charge of liquor in possession with intent to sell, to the jury and in sentencing appellant thereon. The argument in support of this assignment appears to be that, since the evidence was the same as to each of the counts, the two

were identical .in character and did not constitute separate offenses. It will be admitted that there was no evidence offered in support of one charge that was not offered in support of the other, but this is not sufficient to make the offenses identical. To be such, they must be not only identical in fact but also in law. In the recent case of *State v. Peck,* 146 Wash. 101, 261 Pac. 779, upon a similar question, it was said:

"Finally, it is contended that the appellants cannot lawfully be convicted and sentenced upon both counts of the information. The argument is that the offense stated in the second count of the information is included in the first count, and to convict and punish them upon each of the counts is to put them twice in jeopardy for the same offense.

"It is, undoubtedly, the rule that a conviction or acquittal of a greater offense is a bar to a subsequent prosecution for a lesser offense which is included in the greater, and it seems to be the consensus of the greater weight of authority that the rule operates conversely. But it is equally the rule that a single act may be a violation of two statutes, and the test is not whether the defendant has already been tried for the same act, but is whether he has been once put in jeopardy for the same offense. (*State v. Reiff,* 14 Wash. 664, 45 Pac. 318). To sustain the plea, the offenses must be identical both in fact and in law. (*State v. Reiff, supra; State v. Elliott,* 69 Wash. 62, 124 Pac. 212)."

The crime of having liquor in possession with intent to sell is not included in the charge of being a jointist. *State v. Greenwald,* 116 Wash. 463, 199 Pac. 730; *State v. Bossio,* 136 Wash. 232, 239 Pac. 553. Liquor in possession with intent to sell not being included in the charge of being a jointist, the two offenses are not identical in law.

[6] There is a further contention that the judgment should be reversed because of misconduct of the

deputy prosecuting attorney in his argument to the jury. This argument is made a part of the statement of facts certified by the trial court. While the remarks now complained of went decisively beyond the bounds of legitimate argument, it cannot be said that the misconduct was so flagrant that it could not have been cured by an instruction to the jury. No objection was made to the argument at the time it was delivered and the trial court was not requested to instruct the jury to disregard it. In *State v. Meyerkamp*, 82 Wash. 607, 144 Pac. 942, it was said:

"Misconduct of counsel cannot be urged as error unless the trial court was requested to correct it by instructing the jury to disregard the same and an exception taken to the court's refusal so to do, unless, as in the case of *Cranford v. O'Shea*, 75 Wash. 33, 134 Pac. 486, the misconduct was so flagrant that no instruction would cure it."

The record before us does not present the question for review, and we express no opinion thereon.

The judgment will be affirmed.

MACKINTOSH, C. J., ASKREN, and FULLERTON, JJ., concur.