[No. 21448.   Department Two.   November 27, 1928.]

THE STATE OF WASHINGTON, *Respondent,* v. THOMAS VENNUM, *Appellant,* NELLIE ROMEL, *Defendant.*[1]

*R. H. Back,* for appellant.

*Dale McMullen* and *Claude C. Snider,* for respondent.

ASKREN, J.—The defendant Vennum and one Nellie Romel were charged jointly with the crime of possession of intoxicating liquor. The information contained an additional charge, as to Vennum, that he had previ-

[1]Reported in 272 Pac. 62.

ously been convicted of a violation of the prohibition laws. Upon trial Nellie Romel was acquitted and Vennum found guilty. The court thereupon sentenced him to serve ninety days in the county jail and pay a fine of $250, from which sentence and judgment this appeal was taken.

The facts are briefly as follows: On the night of December 24, 1927, a deputy sheriff noticed an auto being driven in a strange manner on the highway near Vancouver, Washington. He followed it for some distance and compelled the driver to go to the side of the highway and against a steep bank. The officer asked him what was wrong with the automobile and he replied that the steering gear would not work well. At this juncture appellant's companion, Nellie Romel, jumped from the automobile on the side farthest from the officer, who immediately went around the car and found the lap robe from the car lying on the ground and beside it two bottles of moonshine whiskey. One bottle lay practically upon the robe. One of the bottles was not quite full and the appellant had been drinking. They admitted ownership of the robe but denied it as to the bottles.

It is first contended that the state failed to prove that the appellant ever had any liquor in his possession within Clark county, because the evidence offered by appellant established conclusively that at all times after the deputy sheriff first sighted appellant's automobile it was within the Vancouver Barracks, a military reservation. The officer testified that he first saw the automobile "in the vicinity of 22d and Reserve streets." The evidence discloses that the highway at this point is the westerly boundary of the reservation, and that the reservation includes the highway. When counsel for the state asked the officer if he saw the auto before it turned into Reserve street

(and the reservation), appellant objected and the objection was sustained by the court. So that we have no definite evidence establishing the exact point where the officer first saw the car. It might have been just within the reservation or just outside of it. But this point does not become wholly vital, for there was evidence that the appellant had been seen off the reservation a short time before, and that fact, coupled with the point where the officer saw him, made it a question for the jury to determine whether the liquor taken out of the car within the reservation had been in it before the car reached the boundaries thereof.

It is next urged that the court committed error in sustaining an objection to an offer of proof concerning an automobile accident at the same place that appellant's car was stopped by the officer.

The testimony sought to be elicited from a witness for appellant was that about ten or twelve days prior to the appellant's arrest, "at or very near" the place where the liquor was found alongside of appellant's car, another traveler had gotten off the road and his car toppled or tipped over and the occupants and contents were precipitated to the ground, requiring the services of a wrecking car. This was offered, so appellant's counsel said, for the purpose of offering circumstantial evidence that the liquor the officers found may have come from that car as well as from the car of appellant. It will be noticed that there was no offer to show that the unnamed person who had the accident had been drinking, had possession of any liquor, or that the place was of such character that two bottles of liquor would be likely to lie in plain view for the long period of time that elapsed before the arrest of appellant. Before this offer was made, appellant had already offered evidence that an auto had tipped over at the point in question, breaking the glass and leaving

marks of the wheels plainly visible. The only additional facts sought to be shown were that the occupants were precipitated to the ground and the services of a wrecker were required. We think the court committed no error. The time was so remote and the weight of the evidence, if it be assumed that it was competent, was so slight as to be almost negligible. If there had been an offer to show that the car which was wrecked was being driven by an intoxicated person, or that the occupants thereof were drinking, or if there were any fact to indicate in the slightest degree that the liquor found by the officer had come from that car, it would have been competent testimony. An accident to an automobile, without other extrinsic evidence, raises no presumption that the person driving the same was intoxicated, or had liquor in his possession.

Again, it is urged that the court erred in permitting the state to offer the record of appellant's conviction. The argument in this connection is that, since appellant admitted the fact, it was prejudicial to prove it by the record. But we can hardly agree that the state is required to accept appellant's admission in the proving of its case. It had to establish the fact of prior conviction. *State v. Dale,* 110 Wash. 181, 188 Pac. 473. It did so by the kind and character of proof authorized by the statute and by decisions of this court. Rem. Comp. Stat., § 7339; *State v. Kingsbury,* 147 Wash. 426, 266 Pac. 174. It may be that such proof is prejudicial to a defendant, but it is not that kind of prejudice that a defendant in a criminal action is protected against. He is protected against those things which are prejudicial and should not be offered in evidence; not against evidence declared competent by statute, even though it may be hurtful to him.

Complaint is also made of the fact that when the court sought to pronounce sentence it refused to

take testimony offered by appellant concerning his character, habits, etc. Appellant admits that no decision has been found to sustain this assignment of error. We think this is a confession that the point is without merit. When a court is prepared to pass sentence, there is no requirement that it shall take testimony to assist it in arriving at its judgment. It may, if it so desires, but that is a matter for the trial court alone to decide.

Error is assigned upon instructions, but they do not require discussion here, as we have previously passed upon the questions thus raised.

Judgment affirmed.

FULLERTON, C. J., FRENCH, PARKER, and MAIN, JJ., concur.