[No. 21899. Department Two. September 24, 1929.]

THE STATE OF WASHINGTON, *Respondent*, v. J. D. Mc-MILLAN et al., *Appellants*.[1]

*Edward M. Connelly* and *Milton S. Hanauer,* for appellants.

*Chas. W. Greenough* and *Frank Funkhouser,* for respondent.

[1]Reported in 280 Pac. 737.

FRENCH, J.—Appellants, having been tried by a jury in Spokane county, were convicted of the crime of being jointists and this appeal follows:

During the summer of 1928, the sheriff of Spokane county employed two special investigators, and as a result of information furnished by them, a large number of persons were arrested charged with the violation of certain of the liquor laws of the state of Washington. The principal witness in the instant case was one Cornell. In a number of other liquor cases tried during the same month, Cornell had been the principal witness for the state, and a number of jurors who participated in the instant case had been jurors in prior cases. Appellants' counsel moved to discharge the entire jury panel, or, in the alternative, to continue the case until the following month, on the ground and for the reason that substantially the entire jury panel had heard the testimony of the state's chief witness, Cornell, prior to the trial of the instant case, and had necessarily passed upon the credibility of such witness. This application was denied, and the first assignment of error raises the question as to whether or not the jury was such a fair and impartial jury as is contemplated by the constitution of this state.

It is not claimed that there is any other reason for the disqualification of the jurors excepting that certain of them had theretofore sat as jurors in cases wherein this man Cornell had been the principal witness for the state. The question is not a new one in this state. A defendant is entitled to a fair jury as disclosed by the examination of the jurors. A defendant is entitled to a jury free from bias and prejudice, and to one which has not theretofore participated in a criminal action by the state against the defendant on substantially the same state of facts. To grant a continuance because of the fact that a juror had neces-

sarily in a different and prior case heard the testimony given by the state's principal witness, would mean that, in the smaller counties, at least, not more than two criminal cases could be tried by any one jury panel; because, in practically all of the smaller counties of the state, it is known that the sheriff or his principal deputy practically always appears as the chief witness for the state.

The question comes squarely within the principles announced in *State v. McDonald,* 114 Wash. 696, 195 Pac. 1048, and *State v. Van Waters,* 36 Wash. 358, 78 Pac. 897. And on the authority of those two cases we can find no merit in the contention.

The second assignment of error is "in refusing to permit the defendants to show specific acts of immorality committed by the witness Cornell following a denial of such specific acts by the witness." On the authority of *State v. Gaffney,* 151 Wash. 599, 276 Pac. 873, the ruling of the trial court is correct.

The third assignment of error goes to the question of the refusal of the trial court to grant a new trial because of certain remarks of the prosecuting attorney in his opening and closing arguments to the jury. An examination of the record fails to disclose any exception taken to such remarks, or application made to the trial court to instruct the jury thereon, except in one particular, and in that the trial court promptly complied with the request of appellants' counsel. We have held many times that, where improper argument is addressed to the jury, the trial court's attention must be called thereto and application made to the trial court to correct the error, otherwise the same may not be reviewed in this court. The record failing to disclose that any such application was made, we can not review or pass upon the propriety of the statements.

A careful examination of this record indicates that this was peculiarly a jury case. On testimony sharply in dispute the defendants were found guilty by the jury, and there is abundant evidence to support the verdict.

The judgment of the lower court is affirmed.

MILLARD, TOLMAN, MAIN, and PARKER, JJ., concur.