[No. 24831. Department One. February 6, 1934.]

THE STATE OF WASHINGTON, *Respondent*, v. SAMUEL S. LYNCH, *Appellant*.[1]

*Henry Clay Agnew*, for appellant.

*Bertil E. Johnson, Byron D. Scott*, and *Hilton B. Gardner*, for respondent.

STEINERT, J.—This case presents an appeal from a conviction of robbery.

On Saturday, March 26, 1932, between 9:30 and 10:00 o'clock in the forenoon, a lone bandit executed a rob-

[1]Reported in 29 P. (2d) 393.

bery at the office of the Railway Express Agency, a corporation, in Tacoma, securing $83.90 of the company's money. The robber proceeded according to the conventional form of engaging the employee and sole occupant in charge of the company's office in an ostensible business transaction, and then, at the opportune moment, covering him with a revolver and forcibly rifling the contents of the cash drawer, the employee being compelled to lie, face downward, on the floor behind the counter during the operation. While the robbery was in progress, a messenger boy, nineteen years of age, came into the office, and was likewise forcibly compelled by the robber to lie down on the floor behind the counter. After emptying the cash drawer and making a search of the safe, the robber herded and locked the employee and the messenger boy in a lavatory in the rear of the office, and quickly made his escape. The bandit wore no mask during the proceeding.

Shortly thereafter, a customer came into the office, and discovering what had occurred, secured the release of the two men imprisoned in the lavatory. Two days later, the company's employee and the messenger boy, upon being shown a number of photographs by the Tacoma police, identified the appellant as the robber. On the same day, they went to Seattle, where they readily picked the appellant from a line of suspects under arrest and in jail in that city, and identified him as the robber. At the trial, the appellant was again identified by the two witnesses to the crime. The record discloses that the identification was voluntary, positive and unequivocal.

There are five assignments of error. The first is upon the exclusion of certain evidence offered by appellant. One Anderson, a cousin of appellant, was called as a witness for the defense, and on direct exam-

ination testified that he and the appellant had been arrested in Seattle on the day following the robbery, on suspicion of their connection with a post-office robbery in that city. The witness was further permitted to testify on direct examination that he had never been convicted of a crime, nor ever arrested before. Asked by appellant's counsel whether the men guilty of the post-office robbery had ever been convicted, the witness was precluded from answering by an objection to the question interposed by the state and sustained by the court. Error is assigned upon that ruling.

The inquiry was clearly immaterial, and wholly collateral to the issue involved in the instant case. There was no evidence, direct or from which any inference could reasonably be drawn, that either the appellant or the witness was implicated in the post-office robbery. There was no error in the ruling.

The second assignment of error is based upon the refusal of the court to receive evidence to the effect that, upon their arrest in Seattle, the appellant and his witness Anderson had made full disclosure to the police of their whereabouts on the morning of the robbery. The purpose of the offer was to reinforce the credence to be given to appellant's alibi, on the theory that the story told by appellant and his witness on March 27, 1932, was the same as that told upon the trial a year later, and hence was not one of recent fabrication. The ruling of the court excluding the evidence was made before any cross-examination of the witness had taken place, and at a time when no effort to impeach the witness had been made.

A witness may not fortify his testimony or magnify its weight by showing that he has previously told the same story on another occasion out of court. If a witness were permitted to do that, then garrulity would

supply veracity. Such evidence is immaterial and incompetent unless and until there is an attempt by the adverse party to show that the witness had made prior inconsistent statements, or that his present story is one of recent fabrication. *State v. Braniff,* 105 Wash. 327, 177 Pac. 801; *State v. Spadoni,* 137 Wash. 684, 243 Pac. 854; *Russell v. Cavelero,* 139 Wash. 177, 246 Pac. 25; *Dunn v. Buschmann,* 169 Wash. 395, 13 p. (2d) 69; *Kessellring v. Hummer,* 130 Ia. 145, 106 N. W. 501; 2 Wigmore on Evidence (2d Ed.), § 1124. There was no error in the court's ruling upon this phase of the case.

The third assignment of error is based upon a ruling of the court which permitted the state to ask appellant's witnesses, on cross-examination, whether they had not testified for appellant in support of an alibi in a former criminal action. Appellant concedes that it was proper to interrogate the witnesses as to their having testified for appellant in another case or upon a different occasion, but contends that it was improper to show that the other case was one of a criminal nature.

The purpose of this evidence was to show the friendly relations existing between the witnesses and the appellant, also to show their interest and to discredit their testimony. Obviously, the fact that a witness has testified in support of a similar defense of alibi in a former criminal action may have a tendency to weaken his testimony in a subsequent case. It tends to show the close familiarity existing between the parties, and therefore bears upon the interest and credibility of the witness. It is therefore an element which the jury may properly take into consideration in weighing the testimony of the witness. *State v. Roberts,* 18 N. Mex. 480, 138 Pac. 208; 2 Nichols Applied Evidence, p. 1562.

The case of *State v. Lyda,* 129 Wash. 298, 225 Pac. 55, relied on by appellant, is not in point here, because the objectionable testimony in that case was purely hearsay, and was so emphasized in the opinion therein. There was no error in the admission of the evidence adverted to under this assignment.

 The fourth assignment of error is based upon the refusal of the trial court to grant a new trial for alleged misconduct of the prosecutor during the closing argument. The record does not disclose that any exceptions were taken to any of the statements made by the prosecutor. His argument was, in part, in direct answer to statements made by appellant's counsel, and can not be said to have been improper. Other portions of the argument were comments upon the defense of alibi, and we think were clearly permissible and fair.

Appellant further complains, under this assignment, that the prosecutor went outside of the record in making reference to certain details concerning the length of time intervening between the commission of the offense and the trial of the case. It fairly appears that the prosecutor's argument was in answer to similar comments by appellant's counsel. In any event, under the instructions of the court, it is difficult to see how the statements of the prosecutor in any way prejudiced the appellant.

The various statements of the prosecutor went wholly unchallenged, and they certainly can not be said to have been so flagrant that an instruction thereon would not have cured their effect. Under such circumstances, the occurrence does not afford a ground for review here. *State v. Stevens,* 135 Wash. 361, 237 Pac. 723; *State v. Groshong,* 141 Wash. 270, 251 Pac. 289; *State v. Kingsbury,* 147 Wash. 426, 266 Pac. 174;

*State v. McMillan,* 154 Wash. 29, 280 Pac. 737; *State v. Budreau,* 156 Wash. 103, 286 Pac. 51, 68 A. L. R. 1035; *Slattery v. Seattle,* 169 Wash. 144, 13 P. (2d) 464; *State v. Stratton,* 170 Wash. 666, 17 P. (2d) 621; *State v. Bradley,* 175 Wash. 481, 27 P. (2d) 737.

The fifth and final assignment of error is based upon the refusal of the court to grant a new trial, because, as it is contended, the evidence proved the defendant not guilty. Little need be said upon this assignment. That a robbery was committed at the time and place charged, is not denied. The only question was whether appellant was the perpetrator of the crime. His identity was established with such a degree of certainty that the jury was put to the alternative of either accepting and believing that evidence or wholly disregarding it. The verdict reflects its conclusion in that respect.

The judgment is affirmed.

BEALS, C. J., MILLARD, MAIN, and MITCHELL, JJ., concur.